CERTAIN-TEED PRODUCTS CORPORATION *v.*
PARIS TOWNSHIP.

1. EQUITY—INTERLOCUTORY DECREE—GYPSUM MINING OPERATIONS—
PERFORMANCE OF DECREE.

> Interlocutory decree authorizing commencement of gypsum min-
> ing operations on authority of and in accordance with pro-
> visional specifications of hitherto rendered decision of Supreme
> Court permitting such operations in agriculturally-zoned town-
> ship area is affirmed to await high degree of performance as
> required of plaintiff and preservation of comfortable habitation
> in the area defendants are secured without heed to querulous
> complaints.

2. COSTS—APPEAL FROM INTERLOCUTORY DECREE.

> No costs are allowed upon affirmance of interlocutory decree on
> appeal, where there is no substantial conflict between such
> decree and previously-entered decree in same case by Supreme
> Court.

Appeal from Kent; Searl (Fred N.), J. Sub-
mitted January 13, 1959. (Docket No. 63, Calendar
No. 48,107.) Decided February 2, 1959.

Bill by Certain-teed Products Corporation, con-
tinued by Bestwall Gypsum Company, both Mary-
land corporations, against Paris Township and cer-
tain landowners to establish right to erect gypsum
manufacturing plant and mine gypsum in agricul-
turally-zoned area, and to enjoin interference with
mining operations conducted in reasonable manner.
Following Supreme Court decision granting plain-
tiffs conditional relief, defendants filed cross bill
for injunctive relief. Interlocutory decree entered

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 406.
[2] 14 Am Jur, Costs §§ 24, 92.

permitting operations upon certain conditions and retaining jurisdiction to ensure compliance and enjoin any nuisance which might develop. Defendants appeal. Affirmed.

*McCobb, Heaney & Dunn* (*Clausen, Hirsh & Miller,* of counsel), for plaintiffs.

*Vander Veen, Freihofer, Cook & Bryant,* for defendants.

BLACK, J.    Refer to *Certain-teed Products Corporation* v. *Paris Township,* 351 Mich 434. Following entry of judgment and decree and the filing of additional pleadings, Judge Searl proceeded toward hearing as directed. Thereupon—August 25, 1958—an interlocutory decree was entered in case No. 57,706. From such decree the defendants, now cross plaintiffs by aforesaid additional pleadings, have taken this appeal.

The question as briefed and argued is whether this initial interlocutory decree affords defendants the full measure of protection called for by our opinion in *Certain-teed.* Counsel clash with respect to certain wording of the decree, it being insisted on the one hand that Judge Searl has failed to provide due "guarantee" that no gypsum dust will settle on Paris township as a result of plaintiffs' impending mining and manufacturing operations, and on the other that the decree does "correctly establish the factual representations of Bestwall (assignee of and successor to Certain-teed) with respect to dust control." As it proceeds the argument becomes a debate of applied semantics, the verbal premises of which each array of counsel selects from our said opinion and Judge Searl's mentioned decree. However, all things considered in the light of what has been declared and written in both courts, such debate pre-

sents no solutional difficulty as of today. Tomorrow may be different.

The decree brought here is no more than one of authorization to start the experiment considered in *Certain-teed,* on and in accordance with considered and necessarily provisional specifications of judicial surveillance. The lessons of experience as the project proceeds, distinguished from narrow or broad interpretation of words employed in such decree, will dictate the course of the chancellor's superintendence. His determination of developing issues will be controlled by results—not tentative decretal provisions. Such is the substance of our said opinion. There is no indication that the decree before us departs therefrom.

We apprehend that Judge Searl, as result-reports come to him in the orderly course of pleading and hearing, will by our said opinion-standards extend priority to the rights of the inhabitants of Paris township should it become necessary—we trust it will not—to select one of these competing rights (habitational versus industrial) over the other. He will listen to no captious or querulous dust complaint and will apply the doctrine *de minimis* thereto. On the other hand he will hold Bestwall to a high degree of performance and result of that which, in the varying words of its witnesses (sworn at original and interlocutory hearings), Bestwall has assumed to represent in the inducement of declaratory relief. Generally, and at all hazard, the chancellor will see that the right of comfortable habitation in Paris township is amply protected as in our said opinion provided. We need say no more.

There being no substantial conflict of decrees entered thus far, we affirm, without costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.